```
                        UNITED STATES DISTRICT COURT
                           DISTRICT OF NEW JERSEY
```

JEAN EMMANUEL RODRIGUEZ          1:18-cv-14511-NLH-AMD

         Plaintiff,          **MEMORANDUM
OPINION & ORDER**

   v.

THE STATE OF NEW JERSEY and
THE UNITED STATES OF AMERICA,

         Defendants.

**HILLMAN**, **District Judge,**

     WHEREAS, Plaintiff Jean Emmanuel Rodriguez, appearing *pro se*, has filed a complaint against Defendants the State of New Jersey and the United States of America; and

     WHEREAS, Mr. Rodriguez alleges that Defendants violated his 14th Amendment rights, and

     WHEREAS, Mr. Rodriguez's complaint alleges the following:

> Caucasian Identity Extremist[s] have used the executive, judicial, and legislative branches of government in every State and federal government to apply the 13th [A]mendment to all minorities, Black people, African Americans, and melanin people. They have passed statutes and structured the law to allow them to harass citizens based on beliefs and not facts.
>    . . . .
> Caucasian Identity Extremist[s] in the State of New Jersey have used [legislation], executive orders, and judicial officers to conspire to deny me of my civil rights and deny me of life, liberty, and the pursuit of happiness. On June 18, 2018 a police

officer in Mays Landing NJ assisted a citizen in denying me my right to service because I complained about the poor service. The police allowed the citizen to steal my money and cover up his failure to do his job. The citizen was allowed to shove the police officer and assault me, while I get charge[d] with assaulting the officer who grabbed me and fell on top of me. The officer and the video evidence shows I am not responsible for any injuries, but, because the police believes I am responsible, I have to appear before a court they work for. That undermines the statute they are attempting to convict me of. The State of New Jersey has rigged the legal system to profit from the disadvantage of wealth for minorities through fraudulent prosecution, false counsel, and accusations based on beliefs and not fact. On each of the dates listed,[1] or, and around the years and months, Caucasian male officers in New Jersey have made false statements under oath to judicial officers to obtain warrants to incarcerate me falsely or charge me with a fictional crime, help a business deprive me of money and service, and ease the mind of racist citizens. This has been a clear pattern in the United States of America since it has begun. I use the [Alford] plea as an example of this racism. Stop and Frisk statutes. Reasonable suspicion statutes. Also the climate of the country. Caucasian Identity Extremist[s] have used democracy as a tool to create statutes and courts that undermine the United States of America's Constitution and State Constitution.

[Docket No. 1, at 2-3], and

WHEREAS, with respect to his alleged injuries, Mr. Rodriguez states:

> I have been targeted psychologically, socially, and physically through covert and overt racism. They worked in schools, banks, restaurants, etc. and sought

---

[1] Mr. Rodriguez alleges that the events giving rise to his claims occurred on June 18, 2018; August 18, 2017; May 27, 2015; August 2013; October 2011; September 2009; June 25, 2006; 2004; 2001; and 1996. [Docket No. 1, at 3.]

>     to humiliate me and use me. The Caucasian Identity
>     Extremist[s] [have] used their control over society to
>     victimize me at every chance. They created Cointelpro
>     and Iran Contra to create an environment filled with
>     mentally and emotionally unstable people. They profit
>     from The 13th Amendment and create incentive based
>     courts that undermine Article 6 of the Constitution.
>     These courts have harassed me, attempted to frame me,
>     and take my money. I have emotional[] issues,
>     spiritual issues, mental issues, physical issues,
>     financial issues. The United States of America has me
>     confounded by its hypocrisy. I feel as if I was sold
>     a first class ticket to Sodom & Gomorrah or Satan.

[id. at 4], and

WHEREAS, Mr. Rodriguez seeks the following compensation:

> I seek to have my criminal record, and everyone who
> can prove their state's racial misconduct cleared and
> all Constitutional Rights restored. I want five
> hundred million dollars of personal credit/debit with
> the Federal Reserve. I want to be able to gain room
> and board at a State or private university. I want my
> brother deported in 2005 to have his deportation
> looked into and gain a VISA for his mental healthcare.
> I want every statute, court rule, sentencing Act, and
> or executive order based in racism to be phased out of
> all State and Federal laws.

[id.], and

WHEREAS Mr. Rodriguez filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), which the late Honorable Jerome B. Simandle granted on December 11, 2018, [Docket No. 2], and

WHEREAS, under the Prison Litigation Reform Act (PLRA), the Court must screen any complaint in a civil action in which the plaintiff is proceeding IFP, see 28 U.S.C. § 1915(e)(2), and

WHEREAS, the Court must *sua sponte* dismiss claims that: (1) are frivolous, (2) are malicious, (3) fail to state a claim upon which relief may be granted, or (4) seek monetary relief from a defendant who is immune from such relief, id., and

WHEREAS, a "document filed *pro se* is to be liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, in doing this screening, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff, Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. Cnty. of

Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R. Civ. P. 12(b)(6), [a district court is] . . . required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff), and

WHEREAS, the Court shall determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support their claims," Bell Atl. Corp. v. Twombly, 500 U.S. 544, 583 (2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."), and

WHEREAS, the Court finds that Mr. Rodriguez's complaint is "so . . . unfocused" that it "defies any attempt to meaningfully answer or plead to it," see Binsack v. Lackawanna Cty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011), and that it fails to clearly set for an actionable claim, as required by Fed. R. Civ. P. 8(a),

THEREFORE,

IT IS on this **20th** day of **MARCH** 2020,

**ORDERED** that Mr. Rodriguez's complaint is **DISMISSED WITHOUT PREJUDICE**, in its entirety, for failing to state a claim upon which relief can be granted; and it is further

5

**ORDERED** that Mr. Rodriguez shall have 20 days from the date of today's Order to amend his complaint; and it is further

**ORDERED** that if Mr. Rodriguez fails to file an amended complaint within the timeframe allotted, this case will be dismissed, and it is further

**ORDERED** that the Clerk of the Court mail to Mr. Rodriguez, via regular mail, a blank *pro se* complaint form to assist him in his efforts to amend his complaint.

|  |  |
|---|---|
| At Camden, New Jersey | s/Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |